JAMES R. GORMAN AND OLYVIA A. PAGE, f/k/a OLYVIA A. GORMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gorman v. Commissioner
Docket No. 16572-88
United States Tax Court
T.C. Memo 1990-136; 1990 Tax Ct. Memo LEXIS 136; 59 T.C.M. (CCH) 109; T.C.M. (RIA) 90136; March 14, 1990
James R. Gorman, pro se. Terri A. Merriam, for the respondent. PARR
*244 MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined a $ 2,985 deficiency in income tax for the taxable year 1982 and additions to tax as follows: § 6653(a)(1)
§ 6653(a)(2)
§ 6651(a)(1) [1]
$ 149.00 * $ 499.00
*137 The issues for decision are (1) whether petitioners are entitled to deduct a partnership loss in 1982; (2) whether petitioner, Olyvia A. Page, formerly known as Olyvia A. Gorman (Mrs. Page) is an innocent spouse under section 6013(e); and (3) whether petitioners are liable for the additions to tax set out above. FINDINGS OF FACT Petitioner James R. Gorman's legal residence when he filed his petition was Newport Beach, California. The legal residence of petitioner Olyvia A. Page, formerly Olyvia A. Gorman, at the time of filing the petition was Tucson, Arizona. Petitioner James Gorman is an attorney. In 1982 petitioners invested $ 2,000 in a partnership called Briefcase Computers I, Ltd., and deducted $ 9,025 as a net loss on Schedule E of Form 1040. The total cost of the investment was to be $ 8,600, but only $ 2,000 was paid. The remainder of $ 6,600 was purportedly represented by a promissory note on which no interest or principal payment was ever demanded or made. The note is not in evidence. Mr. Gorman (hereinafter "petitioner") now contends he is entitled to deduct $ 2,000 as either a theft or other loss for 1982. Although petitioner originally claimed a loss *138 of $ 9,025 in 1982 in connection with the partnership, he apparently has conceded that he is entitled at most to deduct $ 2,000, the amount of his cash investment. Respondent contends that if a loss occurred, it occurred in a later year. We agree with respondent. On December 31, 1982, petitioner wrote a check in the amount of $ 2,000 to Abacus Technologies, Inc., for the purpose of investing in a limited partnership known as Briefcase Computers I, Ltd. (the partnership). The partnership was formed by a corporation known as Abacus Technologies, whose president was Thomas Dillman. Mr. Dillman was an electrical engineer with a heavy computer background. He was a vice president of marketing at Evolution Computers, the manufacturer of computer mainframes, a company petitioner represented. Petitioner formed the corporation, Abacus Technologies, for Mr. Dillman. Mr. Dillman was an electrical engineer with an M.B.A degree and had been with IBM for a number of years. Mr. Dillman formed the partnership to design, produce, and develop a lap-top computer. In 1982 there were only one or two lap-top computers on the market. The prospectus for the partnership contained a lengthy tax *139 opinion letter by a tax attorney known personally to petitioner. *245 In 1984 petitioner received a Form K-1 pertaining to 1983. Until that time he believed the partnership was viable. The Form K-1 was petitioner's first indication that there was a problem with the partnership, because it showed a $ 2.53 ordinary loss for 1983. On March 28, 1984, petitioner received a letter from Abacus Technologies, signed by Mr. Dillman, indicating he was still actively seeking capital to complete his research and development, that his product development was successful, and that 1983 was "an exciting and tumultuous year for both the computer industry and for the partnership." This alleviated petitioner's fears. Not until the end of 1984, when petitioner received nothing from Mr. Dillman and was unable to contact him did petitioner discover the partnership was in trouble. Petitioner testified that he believed Mr. Dillman took the money from himself and others with the good-faith intent to invest it and to develop the computer, but that he was simply thwarted in his effort to raise enough money. He does not know why Mr. Dillman disappeared, but does not believe he intended to steal *140 the money when he originally took it. Aside from the documents in evidence, which are very few, all documents were turned over to the general partner, Mr. Dillman, who apparently left town. Petitioner's 1982 tax return was not filed until 1984. Petitioner explains that he turned over the tax information to an accountant "for a preliminary check," and the accountant indicated there would be no tax owed. An additional reason for the late filing was that Schedule E referred to another partnership in which petitioner was involved, and the Form K-1 for that partnership was received late. Many of petitioner's tax records are also missing because the firm that did his return, Advanced Tax Representation in Irvine, California, went out of business. OPINION Petitioner has the burden of proving that respondent's determinations as shown in his notice of deficiency are incorrect. ; Rule 142(a). From the evidence presented, we find that petitioner has not established that his basis in the partnership exceeded $ 2,000, or that he suffered a loss in 1982. By his own testimony petitioner was unaware of any problem until 1984. *141 Moreover, the loss was not a theft loss, since petitioner admits Mr. Dillman did not intend to steal his money. While petitioner may have been entitled to some loss in some year, calculated on a basis of $ 2,000, the record is devoid of evidence, or even a theory to explain the loss. Petitioner has acknowledged that his return was filed late, and he has not shown that such failure was due to reasonable cause and not due to willful neglect. Reliance on erroneous advice from the tax preparer is not reasonable cause. . Moreover, petitioner is an attorney and should have known of his obligation to file a timely return. The addition to tax pursuant to section 6651(a)(1) is warranted. We believe the additions to tax under sections 6653(a)(1) and (a)(2) are also warranted. Petitioner's 1982 return was filed approximately one year late. By that time petitioner had reason to suspect his investment was not going well. He had never been asked to make a payment of either interest or principal on the notes he purportedly signed. Nonetheless, petitioner claimed a $ 9,025 deduction. Moreover, petitioner has offered *142 no explanation of how this figure was determined, saying simply that he relied on the Form K-1 provided by the general partner, a document which is not in evidence. Petitioner has not met his burden of proving that he was not negligent, and we find for respondent on this issue. No evidence was offered on the issue of Ms. Page's innocent spouse status, and we deem that issue to have been waived by petitioners. Ms. Page did not appear at trial, but sent a letter stating that Mr. Gorman was authorized to represent her in this matter. Moreover, respondent stated to the Court, without contradition, that Mrs. Page's adjusted gross income in the preadjusted year far exceeded the amount required for innocent spouse status under section 6013(e). We therefore hold that Ms. Page is not an innocent spouse under section 6013(e). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year 1982, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure. * 50 percent of the interest due on $ 2,985.↩